UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-                                            DECISION & ORDER

                                                        15-CR-6083

GUARIONEX RIVERA,

                Defendant.
_____

       This Court referred all motions and other pretrial matters to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Defendant filed several motions, some of which were resolved by the Magistrate Judge on the bench on the record. The Magistrate Judge, however, reserved decision on defendant's motion to dismiss counts 3 and 4 of the Indictment, the motion for a bill of particulars and a motion to suppress evidence obtained upon execution of search warrants and the installation of a GPS tracking device.

       Magistrate Judge Feldman issued a thorough Report and Recommendation (Dkt. #31). The Magistrate Judge recommended that this Court deny defendant's motions. Defendant, through counsel, did file objections (Dkt. #33) to the Report and Recommendation. Defendant in the objections did not specifically challenge the Magistrate Judge's recommendation concerning the motion to dismiss counts 3 and 4 of the Indictment and the motion for a bill of particulars. Defendant does appear to object to the Magistrate Judge's recommendation to deny the motion to suppress evidence obtained from the search warrants and the installation of a GPS tracking device.

-2-

After reviewing the Magistrate Judge's thorough Report and Recommendation and the objections of defense counsel, as well as the Government's memorandum (Dkt. #35) in opposition to defendant's objections, I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman. I see no reason to modify, vacate or reverse that decision and, therefore, conclude that defendant's motion to dismiss counts of the Indictment, motion for bill of particulars and motion to suppress evidence should, and hereby are all denied.

Although it does not appear that defendant specifically objects to the Magistrate Judge's decision recommending denial of the motion to dismiss, I've reviewed the Magistrate Judge's decision and the Indictment and I believe, as did the Magistrate Judge, that there's no basis to dismiss the Indictment on the grounds that it is vague or imprecise. As the Magistrate Judge set forth, an Indictment is valid on its face if it tracks the language of the statute and contains the required elements of the charged offense.

Matters concerning the sufficiency of the evidence is not a proper basis for dismissal of an Indictment. That is a matter to be determined at trial.

Concerning defendant's motion for a bill of particulars, I concur with Magistrate Judge Feldman's decision that there's no basis for ordering such a bill of particulars. The Government has already provided the defendant with extensive discovery in addition to what the Magistrate Judge described as an unusually comprehensive proffer made by the Government in support of the motion to detain the defendant. For all the reasons set forth in Magistrate Judge Feldman's decision on this motion, I concur with his recommendation and deny the request for a bill of particulars.

-3-

Finally, concerning the motion to suppress evidence, I agree with the Magistrate Judge's recommendation that the motions to suppress should be denied. Several search warrants were issued by Magistrate Judge Feldman for searches at 1220 Martensia Road and 195 Spring Run, as well as a 2004 BMW automobile. In addition, a Monroe County Court judge issued a warrant for placement of a GPS tracker on the BMW vehicle.

Magistrate Judge Feldman based his recommendation in part on the failure of the defendant to adequately establish that he personally had an expectation of privacy in the place to be searched. In other words, defendant failed to establish proper "standing" to establish that he had a privacy interest in the affected property. Defense counsel was notified by both the Magistrate Judge and by the Government in its opposition of this defect concerning the failure to demonstrate standing. As Magistrate Judge Feldman noted in his Report and Recommendation, leave was granted to file supplemental papers, but those papers also did not contain any affidavit setting forth a cognizable privacy interest in the premises.

I agree with the Magistrate Judge's thorough discussion of this issue and the need to establish standing and find that defendant's failure to submit papers establishing standing is a sufficient basis for the Magistrate Judge to deny the motion to suppress.

In any event, as the Government points out in its memorandum (Dkt. #35), the applications for the warrants before Magistrate Judge Feldman as well as before the Monroe County Court judge clearly establish probable cause and, furthermore, armed with those warrants, law enforcement officers had a good faith basis to execute the warrants and for that reason also, denial of the suppression motions are warranted.

## CONCLUSION

I accept and adopt Magistrate Judge Jonathan W. Feldman's Report and Recommendation (Dkt. #31).

Defendant's motions (Dkt. #18, #22) to dismiss counts 3 and 4 of the Indictment, for a bill of particulars and to suppress evidence obtained pursuant to the execution of search warrants and the installation of a GPS tracking device are in all respects denied.

IT IS SO ORDERED.

_____
HON. DAVID G. LARIMER
United States District Judge

Dated:   June 14, 2016
         Rochester, New York