UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            Plaintiff,

        v.

GUARIONEX RIVERA,

                            Defendant.
_____

DECISION AND ORDER

15-CR-6083L

Defendant Guarionex Rivera ("Rivera") has filed a *pro se* Petition (Dkt. #55) to vacate his sentence and judgment pursuant to 28 U.S.C. § 2255. The Government has answered the Petition (Dkt. #57), urging the Court to deny the Petition in all respects.

Rivera pleaded guilty in September 2016 to two counts of the Indictment. Count One charged conspiracy to possess with intent to distribute five kilograms or more of cocaine and Count Three charged that Rivera possessed a firearm in furtherance of the drug trafficking conspiracy pursuant to 18 U.S.C. § 924(c). The detailed Plea Agreement also contained a provision pursuant to Fed. R. Crim. P. 11(c)(1)(C) that, should the Court accept the plea, a specific sentence of 180 months imprisonment was required.

On January 5, 2017, this Court did accept the Plea Agreement and sentenced Rivera principally to an aggregate term of 180 months imprisonment. Pursuant to the dictates of the Plea Agreement, no appeal was filed.

Rivera's one-page Petition seeks relief based on his interpretation of a United States Supreme Court decision, *United States v. Davis*, 139 S. Ct. 2319 (2019), decided subsequent to

Rivera's plea and sentence. As the Government points out in its Answer, the *Davis* decision is inapplicable and does not apply to Rivera's crimes of conviction and sentence.

Rivera did plead guilty to a violation of 18 U.S.C. § 924(c). That statute makes it a crime to use or carry a firearm during or in relation to or in furtherance of a crime of violence or a drug trafficking crime. The Supreme Court's *Davis* decision focused solely on that aspect of the statute concerning "crime of violence." It determined that the statute's definition of "crime of violence" was unconstitutionally vague. The Supreme Court's *Davis* decision, however, did not affect in any way the validity of Section 924(c) and its prohibition of the use of firearms in furtherance of drug trafficking crimes. Rivera was not charged with and did not plead to a crime of using the firearm in furtherance of a crime of violence. His crime and conviction related to using the firearm in furtherance of the drug conspiracy to which he also pleaded guilty.

In its Answer, the Government sets forth a lengthy portion of the Plea Agreement containing the factual basis for the plea. It is quite clear from this section of the Plea Agreement that Rivera's crime and possession of the firearm related not to a crime of violence, but to drug trafficking. The Supreme Court's *Davis* decision clearly does not support Rivera's claim for relief.

## **CONCLUSION**

The Petition of Guarionex Rivera (Dkt. #55) seeking to vacate his sentence and judgment is in all respects DENIED.

I decline to issue a Certificate of Appealability because petitioner has failed to make a substantial showing of the denial of any constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 23, 2021.